UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. EDCV 11-1670 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On October 26, 2011, plaintiff Joanne Jimenez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 27, 2011 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 10, 2009, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 115). Plaintiff asserted that she became disabled on August 15, 2008, due to a learning disability, dyslexia, arthritis, carpal tunnel, depression, numbness and tingling in both hands, physical pain, and panic attacks. (AR 123-24). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on February 9, 2011. (AR 21-47).

On February 25, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 8-16). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease, status post bilateral carpal tunnel release, carpametacarpal osteoarthritis bilaterally, basal joint arthritis of the thumbs with amputation of the right index finger, entrapment of the median nerve at both wrists, obesity treated with bariatric surgery, cognitive dysfunction, borderline intellectual functioning, panic disorder, and depression (AR 10); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 10); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 12);

---

[1] The ALJ determined that plaintiff: (i) could lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk six hours in an eight-hour workday; (iii) could sit six hours in an eight-hour workday; (iv) could occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; (v) could not climb ladders, ropes, or scaffolds; (vi) could frequently perform gross and fine manipulation bilaterally, but could not perform constant or repetitive power gripping or grasping; (vii) could not work around moving or dangerous machinery; (viii) would

(continued...)

(4) plaintiff could not perform her past relevant work (AR 14); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically "small products assembler I," "sewing machine (semi-automatic) operator" and "electronics worker" (AR 15); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

---

[1](...continued)
be limited to simple repetitive tasks in a non-public work setting with only non-intense contact with co-workers and supervisors; (ix) could not perform work that required hypervigilance or work in which plaintiff was responsible for the safety of others; and (x) could not perform work that required above third-grade reading or mathematics skills. (AR 12).

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff asserts that the ALJ's step five determination is not supported by substantial evidence because the requirements of the representative jobs identified by the vocational expert exceed plaintiff's abilities.  (Plaintiff's Motion at 2-7).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  Where, as here, a

claimant suffers from both exertional and nonexertional limitations, the Grids do not mandate a finding of disability based solely on the claimant's exertional limitations, and the claimant's non-exertional limitations are at a sufficient level of severity such that the Grids are inapplicable to the particular case, the Commissioner must consult a vocational expert.[2]  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record.  See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy."  Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information).  The DOT is the presumptive authority on job classifications.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a vocational expert's

---

[2] The severity of limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two.  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p). In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

### B. Analysis

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the representative jobs of small products assembler I and electronics worker based on testimony from the vocational expert which, without explanation, deviated from the DOT.[3]

First, the requirements of the jobs of small products assembler I and electronics worker are inconsistent with plaintiff's residual functional capacity. For example, in the hypothetical question to the vocational expert, the ALJ included a limitation to jobs that did not involve "work around moving or dangerous machinery . . . ." (AR 43-44). The vocational expert testified that, in spite of such limitations, plaintiff (or a hypothetical person with plaintiff's characteristics) could perform the jobs of small products assembler I and electronics worker. (AR 43-45). According to the DOT, however, the job of small

---

[3] The parties agree that the DOT requirements for the job of sewing machine (semi-automatic) operator are inconsistent with plaintiff's abilities. (Plaintiff's Motion at 4-6; Defendant's Motion at 2). Accordingly, the Court need not further address whether the ALJ erred in finding that plaintiff could perform the requirements of such job.

products assembler I involves, among other things, "[loading and unloading of] . . . machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line" (DOT § 706.684-22); and the job of electronics worker involves, among other things, "[loading and unloading] parts from ovens," and the use of "hand tools . . . power tools and equipment" and "heating equipment" (DOT § 726.687-010).  Therefore, it appears that an individual who is unable to work around "dangerous machinery" would be precluded from such jobs.  See, e.g., Murphy v. Astrue, 2011 WL 124723, (C.D. Cal. Jan. 13, 2011) (ALJ erred at step five by not obtaining explanation from vocational expert for apparent conflict between hypothetical claimant's inability to "work[] . . . around dangerous moving machinery" and representative occupation of "small products assembler" which, according to the DOT, "involve[d] using hand tools, portable powered tools, bench machines, and machines such as arbor presses, punch presses, taps, spot welders, or riveters. . . .").

Second, since the vocational expert did not acknowledge that there was a conflict between his testimony and the DOT, neither the vocational expert nor the ALJ attempted to explain or justify the apparent deviation in any manner.  (AR 14-15, 43-46).  Accordingly, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the occupations of small products assembler I and electronics worker.  Pinto, 249 F.3d at 846.

Finally, the Court cannot find such error harmless as defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step five that plaintiff was not disabled.  See, e.g., id. (remand warranted where ALJ found claimant not disabled at step four based "largely" on vocational expert's testimony that conflicted with DOT, neither ALJ nor vocational expert addressed the deviation, and ALJ otherwise "made very few

findings"); cf. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant could return to past relevant work based on vocational expert's testimony that deviated from DOT because ALJ "did not identify what aspect of the [vocational expert's] experience warranted deviation from the DOT, and did not point to any evidence in the record other than the [vocational expert's] sparse testimony" to support the deviation, but error was harmless in light of ALJ's alternative finding at step five, which was supported by substantial evidence, that claimant could still perform other work in the national and local economies that existed in significant numbers ).

## V.  CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 29, 2012

　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Honorable Jacqueline Chooljian
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to provide a more detailed explanation of his findings regarding plaintiff's credibility.

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).